MARY MATERKA, ADMINISTRATRIX, ETC., APPELLANT, v. ERIE RAILROAD COMPANY, RESPONDENT.

Submitted July 6, 1915—Decided October 15, 1915.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The appellant appeals from a judgment recovered by the respondent against it in the Hudson Circuit.

"The appellant obtained a rule to show cause from the court, reserving all exceptions taken at the trial, which rule was subsequently discharged.

"The law points reserved, and which are before us on this appeal, are objections and exceptions taken by the appellant to the rulings of the trial judge with respect to the admission and rejection of evidence; to the refusal to direct a verdict for the appellant, and objections relating to the judge's charge. The case is briefly this: The respondent's decedent, sixty years of age, while crossing the appellant's tracks, at the public crossing in Rutherford, adjoining the railroad station,

on the evening of the 6th of September, 1912, at about six-fifty o'clock, was killed by an express train, and which it was claimed that the deceased could not see and had no warning or notice of its approach, because the head-light of the locomotive engine was not lit, and for the further reasons that no statutory signals were given of its approach until it had reached a distance within one hundred feet of the crossing, the place where the deceased was struck and killed.

"On the trial of the cause, one Campbell, a police officer, who had been called as a witness by defendant company and had been examined in chief and cross-examined, was recalled by the plaintiff for further cross-examination, and was asked whether he had at one time said to the daughters of decedent, Mrs. McCartney and Mrs. Laffenburg, that the railroad had been around with a statement already written up for him to sign and wanted him to sign it without reading it, and they had a lot of their 'dope' in it. The witness denied that he made the statement. Thereupon, the plaintiff called both of the daughters of the decedent as witnesses, to contradict Officer Campbell, and they were permitted to testify, against the objection of counsel of respondent, that the witness did make the statement.

"The admission of this testimony was prejudicial and harmful to the appellant. The statement admitted, in effect, made the alleged statement of Campbell substantive testimony in the case against the appellant, and was palpably an indirect method of introducing hearsay testimony and to seemingly clothe it with probative force. The law is firmly settled that where a party has the right of impairing the credit of a witness as to collateral matters, but having asked and obtained answers, he must abide by the answers given; other witnesses could not be called to prove such answers untrue. *Stokes* v. *People,* 53 *N. Y.* 164; 13 *Am. Rep.* 492; *Bullock* v. *State,* 65 *N. J. L.* 575; *State* v. *Mor,* 85 *Id.* 562. The error pointed out necessitates a reversal of the judgment, and therefore we deem it unnecessary to examine the other grounds urged upon us to that end."

For the appellant, *Alexander Simpson.*

For the respondent, *Collins & Corbin.*

PER CURIAM.

The judgment under review should be affirmed, for the reasons expressed in the *per curiam* opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   10.

*For reversal*—None.